FILED
United States Court of Appeals
Tenth Circuit

**March 26, 2012**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JON MICHAEL GUY,

               Petitioner - Appellant,

    v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary; GREGORY A.
PHILLIPS, Attorney General, State of
Wyoming,

               Respondents - Appellees.

No. 11-8087

(D.C. No. 2:09-CV-00212-ABJ)

D. Wyoming

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

      This matter is before the court on Jon Guy's request for a certificate of

appealability ("COA"). Guy seeks a COA so he can appeal the district court's

denial of his 28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). Because Guy

has not "made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

      A Wyoming jury convicted Guy on a single count of attempted second-

degree murder, in violation of Wyo. Stat. Ann. §§ 6-1-301(a)(I) and 6-2-104. On

direct appeal, the Wyoming Supreme Court affirmed Guy's conviction. *Guy v.*

*State*, 184 P.3d 687, 701 (Wyo. 2007). Having exhausted his state-court

remedies, Guy filed the instant § 2254 habeas petition in federal district court.  In a thorough thirty-nine page order, the district court denied Guy's request for habeas relief, concluding the Wyoming Supreme Court's resolution of Guy's claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent.  28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The granting of a COA is a jurisdictional prerequisite to Guy's appeal from the dismissal of his § 2254 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Guy must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (quotations omitted).  In evaluating whether Guy has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Guy need not demonstrate his appeal will succeed

-2-

to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Guy's appellate filings, the district court's Order, and the entire record before this court, we conclude Guy is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by the district court in its order denying Guy habeas relief. Accordingly, this court **DENIES** Guy's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge